John Arthur WAGER, Plaintiff,

v.

Maynard J. PRO, Defendant.

C. A. No. 1717–73.

United States District Court, District of Columbia.

March 25, 1975.

Ed Wilhite, Washington, D.C., for plaintiff.

Earl J. Silbert, U.S. Atty., District of Columbia, Arnold T. Aikens, Eric B. Marcy, Asst. U.S. Attys., Washington, D.C. for defendant.

## OPINION AND ORDER

SIRICA, District Judge.

This matter comes before the Court on the motion of the defendant, Maynard J. Pro, for judgment on the pleadings or, in the alternative, for summary judgment. The plaintiff has filed legal memoranda in opposition to the above motion and the government, in responding thereto, requested an oral hearing on the motion. On February 13, 1975, the Court heard argument on the motion and took the matter under advisement.

This action commenced when the plaintiff, John Arthur Wager, filed a "Complaint For Gross Negligence" in the Superior Court of the District of Columbia and the case was removed to this Court. The complaint alleges that the plaintiff was a probationary laboratory technician trainee in the Alcohol, Tobacco & Firearms Division of the Internal Revenue Service of the U.S. Treasury Department, and was under the immediate supervision of the defendant, the Chief of the National Office Forensic Laboratory within the Alcohol, Tobacco & Firearms Division of the I.R.S. The plaintiff also alleges that the defendant, as plaintiff's direct supervisor, directed him (plaintiff) to undertake a project designed to entrap certain "suspected organized crime figures" in an attempt to bribe the plaintiff. The plaintiff avers that the defendant gave him detailed instructions concerning what he should do and assured him, in response to plaintiff's objections, of protection from legal prosecution.

It is further alleged that pursuant to his instruction, the plaintiff consulted with certain persons and eventually mailed to them a letter containing evidence in the possession of the United States and requesting a loan in the amount of $15,000. As a result of his actions, the plaintiff was arrested and later indicted on two counts of soliciting a bribe. The plaintiff avers that the defendant continued to assure him of immunity even after his arrest. The case went to trial in October of 1972 and resulted in the acquittal of the plaintiff. However, the plaintiff complains that at no time during this period did the defendant come forward to explain the "exculpatory" circumstances. In fact, Mr. Wager contends that when the defendant testified as a witness (for the government) during the trial he falsely denied knowing about the entrapment attempt. Thus, the plaintiff alleges that the defendant was grossly negligent in directing the plaintiff to participate in the entrapment project in the first place, in advising him that he would suffer no legal prosecution, and in not coming forward with evidence exculpatory of the plaintiff. He seeks $400,000 in actual and exemplary damages.

On December 11, 1974, the defendant filed the instant motion for judgment on the pleadings or, in the alternative, for summary judgment. While vigorously denying that he ever participated

in an illegal project, the defendant argues that even if he had done everything charged by the plaintiff that the complaint would still fail to state a claim upon which relief could be granted, and that public policy precludes the maintenance of this action.

■ It is a basic principle of law that a court will not extend its relief to either party when the cause of action is founded upon an illegal or immoral transaction. See generally Nyhus v. Travel Management Corp., 151 U.S.App. D.C. 269, 466 F.2d 440, 447 (1972); Jordan v. Axicom Systems, Inc., 351 F. Supp. 1134, 1135 (D.D.C.1972). See also Rothblatt v. Nixon, C.A. 74–1080 (D.D.C. Orders of October 23, 1974 & February 4, 1975). This rule applies to tort as well as actions in contract. In Hunter v. Wheate, 53 App.D.C. 206, 289 F. 604 (C.A.D.C.1923) a woman sued her abortionist for, *inter alia*, negligently performing an abortion on her. The Court held that even though it was not a crime for the female plaintiff to submit to an abortion, having consented to the prohibited operation she was *in pari delicto* with her abortionist and was, therefore, precluded from maintaining a cause of action. The Court noted that this general principle was most obvious in contract cases, but added: "This rule applies, whether the act is performed in the execution of a contract or not. . . . If the act out of which the cause of action arises is immoral or illegal, the courts will not grant relief." 53 App. D.C. at 208, 289 F. at 606.

■ Thus stated, this principle is perfectly applicable to the present case. The allegations in the complaint, if taken as true, stain the characters of both the plaintiff and the defendant. The Court will not assist one wrong-doer in taking advantage of another wrong-doer when an illegal or immoral transaction is at the heart of the dispute.

The plaintiff grounds his complaint at least partially on the defendant's "failure to come forward with evidence known to the defendant and exculpatory of the plaintiff" and his giving "false and malicious testimony" at the trial. But it appears that the plaintiff did not even subpoena the defendant to testify in his behalf at the trial. Furthermore, the plaintiff has not attempted to argue that the perjury statute is so inadequate or ineffective as to leave room for a civil action for "gross negligence" in this situation. See Wyandotte Transportation Co. v. United States, 389 U.S. 191, 202, 88 S.Ct. 379, 19 L.Ed.2d 407 (1967).

In conclusion, there does not appear to be any genuine issue of a material fact presented in this action. Therefore, it is by the Court this 25th day of March, 1975,

Ordered that the aforementioned motion of the defendant for judgment on the pleadings be, and the same hereby is granted.