John Arthur WAGER, Appellant,

v.

Maynard J. PRO, Appellee.

No. 75–1544.

United States Court of Appeals,
District of Columbia Circuit.

Argued May 26, 1976.

Decided Oct. 14, 1976.

Ed Wilhite, Washington, D. C., for appellant.

Mary-Elizabeth Medaglia, Asst. U. S. Atty., Washington, D. C., with whom Earl J. Silbert, U. S. Atty., John A. Terry and Eric B. Marcy, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before TAMM, LEVENTHAL and MacKINNON, Circuit Judges.

Opinion for the Court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

■ John A. Wager, plaintiff-appellant, seeks review of a judgment on the pleadings granted in favor of Maynard J. Pro, defendant-appellee. The trial court ruled that even if Wager's allegations were taken as true, judgment must be for the defendant. To reach this result the trial court relied upon the basic principle of law that a court will not assist one wrong-doer in taking advantage of another wrong-doer when an illegal or immoral transaction is at the heart of the dispute. *Wager v. Pro,* 391 F.Supp. 752 (D.D.C.1975). The trial court considered the bribery scheme that Wager and Pro participated in to be either illegal or immoral. Since the bribery scheme was at the heart of the dispute, Wager, a wrong-doer as a participant therein, could not bring an action against Pro, also a wrong-doer.

The issue for this court to decide is whether there were any genuine issues of material fact which would prevent a judgment on the pleadings from being granted. We find that Wager's pleadings did raise genuine issues of material fact. The trial court was in error in granting Pro's motion for judgment on the pleadings. Therefore we must reverse the trial court's decision and remand this case for a decision on the merits.

Wager commenced this action in the Superior Court of the District of Columbia in August of 1973. Defendant Pro had the case removed to the United States District Court for the District of Columbia. The district court then granted Pro's motion for judgment on the pleadings in March of 1975. Wager has now appealed that decision to this court.

The trial court accepted Wager's complaint and the facts set forth therein as true. *Wager v. Pro, supra.* Wager was a probationary laboratory technician trainee in the Alcohol, Tobacco and Firearms Division of the Internal Revenue Service of the United States Treasury Department. Pro was Wager's immediate supervisor in the National Forensic Laboratory within the Alcohol, Tobacco and Firearms Division.

Wager alleged that Pro directed him to undertake a project designed to catch certain suspected organized crime figures in an attempt to bribe Wager. Wager also alleged that Pro gave him detailed instructions concerning what he should do and assured him, in response to Wager's objections, of protection from legal prosecution. Thereafter, pursuant to Pro's instruction, Wager consulted with certain persons and eventually mailed to them a letter containing evidence in the possession of the United States and requesting a loan of $15,000.

As a result of his actions Wager was arrested and later indicted on two counts of soliciting a bribe. Wager averred that Pro continued to assure him of immunity even after his arrest. The case went to trial in

884

October of 1972 and resulted in Wager's acquittal. Wager complained that at no time during this period did Pro come forward to explain the exculpatory circumstances. Wager contended that when Pro testified as a witness during the trial he falsely denied knowing about the bribery scheme. Thus, Wager alleged that Pro was grossly negligent in directing him to participate in the bribery scheme in the first place, in advising him that he would suffer no legal prosecution, and in not coming forward with evidence exculpatory of Wager.

■ The law is settled that a judgment on the pleadings is not appropriate where the complaint raises issues of fact which if proved would defeat recovery. *Franklin National Bank v. Krakow,* 295 F.Supp. 910 (D.D.C.1969); *United States v. Chelsea Towers,* 295 F.Supp. 1242 (D.N.J.1967). This is so even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial. *Hughes v. American Jawa, Ltd.,* 529 F.2d 21 (8th Cir. 1976).

■ The trial court cited as dispositive of this action the legal principle that a court will not extend its relief to either party when the cause of action is founded upon an illegal or immoral transaction. The trial court thus implicitly determined that the bribery scheme was either illegal or immoral. We do not agree. The appropriateness of a motion for judgment on the pleadings is determined by giving all reasonable inferences to the opponent's pleadings.[1] In this case the trial court failed to draw the inference that the scheme Wager and Pro participated in was a legitimate effort on the part of government agents to capture reputed criminals.

■ Government officers may use artifice and stratagem to catch those engaged in criminal enterprises. *Rosen v. United States,* 161 U.S. 29, 16 S.Ct. 434, 40 L.Ed. 606 (1896); *Grimm v. United States,* 156 U.S. 604, 15 S.Ct. 470, 39 L.Ed. 550 (1895). A trap for the unwary criminal is not illegal

per se. *Sherman v. United States,* 356 U.S. 369, 372, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958). Whether a trap is illegal is determined by referring to a general intention or predisposition to commit, whenever possible, crimes of the kind solicited. *Marks v. United States,* 260 F.2d 377 (10th Cir. 1958); *Sherman v. United States, supra,* at 382, 78 S.Ct. 819. In proof of such predisposition the defendant's reputation, criminal activities, and prior disposition may be admitted into evidence. *Marks v. United States, supra.*

The inference Wager is entitled to is that he was involved in a government stratagem designed to trap unwary reputed organized crime figures who were predisposed to commit bribery of government officials. Furthermore, Wager was acquitted of charges of soliciting a bribe. Acquittal does not conclusively establish the untruth of all the evidence submitted against the defendant, *United States v. Sweig,* 454 F.2d 181 (2d Cir. 1972), but neither does the fact that Wager was criminally prosecuted establish that his actions were illegal.

The pleadings do raise an issue of fact: was Wager involved in an illegal or immoral bribery scheme or was he part of a legitimate law enforcement stratagem. It is certainly material because under the trial court's statement of the applicable law the outcome of this case could be altered by its resolution one way or the other.[2] Since the pleadings do raise a material issue of fact, the trial court's grant of Pro's motion for judgment on the pleadings was erroneous. *Franklin National Bank v. Krakow, supra.*

■ There are other issues presented by Wager's pleadings which would require us to reverse a judgment on the pleadings in favor of Pro even assuming arguendo that the project Wager participated in was illegal. The trial court also based its decision on the legal principle of in pari delicto which holds that if the parties are in equal fault, the law will help neither of them. *Hunter v. Wheate,* 53 App.D.C. 206, 289 F. 604 (1923). There are exceptions to this principle. If one party is less at fault he

1. Wright and Miller, Federal Practice and Procedure: Civil § 1368, at 690.

2. *Id.* at 694.

may maintain an action against the other. *Daniels v. Tearney,* 102 U.S. 415, 420, 26 L.Ed. 187 (1880). Moreover, *Davis, Inc. v. Slade,* 271 A.2d 412, 415 (D.C.App.1970); if one party is but an instrument in the hands of the other, then the party under control of the other cannot be said to be in pari delicto. *Ryan v. Motor Credit Co.,* 130 N.J.Eq. 531, 23 A.2d 607 (1941). When both parties to an illegal transaction have not, with the same knowledge, willingness and wrongful intent, engaged in a transaction, or the undertakings of each are not equally blameworthy, a court may aid the one who is comparatively the more innocent and grant him affirmative relief. *Gold Bond Stamp Co. v. Bradfute Corp.,* 463 F.2d 1158, 1164 (2d Cir. 1972); *Marshall v. Lovell,* 19 F.2d 751 (8th Cir. 1927).

Wager's pleadings indicate that he was a six month probationary trainee. From such pleadings it is reasonable to infer that Wager was justified in relying on Pro, his immediate supervisor; that Pro led Wager to believe that he was acting within the scope of his authority in the pursuit of legitimate government business; and that Wager's confidence was heightened by Pro's repeated assurances that Wager would not be subjected to criminal prosecution. Thus, Wager's pleadings raise the substantial factual question of whether Wager was less at fault than Pro. Since the pleadings in this case present material issues of fact, the trial court's grant of Pro's motion for judgment on the pleadings was improper and must be reversed. *United States v. Chelsea Towers, supra.*

As Judge Robinson of this court pointed out in *Bloomgarden v. Coyer,* 156 U.S.App.D.C. 109, 114, 479 F.2d 201, 206 (1973):

> The summary judgment procedure is properly and wholesomely invoked when it eliminates a useless trial, but, of course, not when it would cut a litigant off from his right to have a jury resolve a factual issue bearing significantly on the outcome of the litigation.

The same should be true of a judgment on the pleadings. Professor Wright agrees that "a hasty or imprudent use of summary procedure by the courts violates the policy in favor of insuring each litigant a full and fair hearing on the merits of his claim." [3] Denial of a trial on disputed facts is worse than delay [4] and summary disposition of issues of fact fairly presented in an action should not be indulged in.[5]

As we find appellant's pleadings raise two genuine issues of material fact: 1) whether the bribery scheme was illegal or immoral and 2) whether appellant was less at fault than appellee, assuming the illegality or immorality of the scheme, the trial court's judgment on the pleadings must be reversed and the case remanded for a decision on the merits.

*So ordered.*

---

**3.** *Id.* at 690.

**4.** *Doehler Metal Furniture Co. v. United States,* 149 F.2d 130 (2d Cir. 1945).

**5.** *Petnel v. American Tel. and Tel. Co.,* 13 F.R.D. 249 (S.D.N.Y.1952).