**FEDERAL COMMERCE & NAVIGATION COMPANY, LTD., Plaintiff-Appellant,**

v.

**The M/V MARATHONIAN, her engines, etc. and Europa Shipping Corporation, Defendants-Appellees.**

**No. 198, Docket 75-7274.**

United States Court of Appeals, Second Circuit.

Argued Dec. 3, 1975.

Decided Dec. 29, 1975.

Certiorari Denied May 19, 1976.

See 96 S.Ct. 2176.

Nicholas J. Healy, New York City (Healy & Baillie, Edward J. Miller, New York City, of counsel), for plaintiff-appellant.

Kenneth H. Volk, New York City (Burlingham, Underwood & Lord, Michael C. Bynane, New York City, of counsel), for defendants-appellees.

Before KAUFMAN, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Federal Commerce & Navigation Company, Ltd., time charterer of the M/V ROLWI, sued in the district court for the Southern District of New York for damages of some $700,000 sustained while the ROLWI was laid up as a result of damage sustained in a collision with the M/V MARATHONIAN, owned and operated by defendant Europa Shipping Corporation.

The district court, John M. Cannella, *Judge*, in a considered and thorough opinion reluctantly dismissed the action as not sustainable in the light of *Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 48 S.Ct. 134, 72 L.Ed. 290 (1927), which denied relief for damages sustained by a time charterer. 392 F.Supp. 908 (S.D.N.Y.1975). We find no error and affirm the judgment.

Appellant contends that *Robins* is unsound, has been eroded and should not be followed, and in the alternative that intentional wrongdoing on the part of defendant takes the case out of the rule of *Robins* based on negligent interference with contract.

The short answer to the second claim is that excessive speed in foggy conditions falls short of intentional damage.

head, 432 F.2d 213, 217 (6th Cir.), *cert. denied*, 402 U.S. 953, 91 S.Ct. 1617, 29 L.Ed.2d 123 (1970).

The first claim is somewhat more substantial, for the basis for denial of relief to the time charterer in *Robins* has come under strong scholarly criticism. See F. James, *Limitations on Liability for Economic Loss Caused by Negligence: A Pragmatic Appraisal,* 25 Vand.L.Rev. 43, 55–57 (1972);[1] 1 F. Harper & F. James, *The Law of Torts* § 6.10 at 501–05 (1956); see also W. L. Prosser, *Law of Torts* § 129, at 939, 940 (4th ed. 1971).

We are unable, however, to discern any indication that the Supreme Court has moved away from the *Robins* rule. The only case since *Robins* cited to us, *Aktieselskabet Cuzco v. The Sucarseco,* 294 U.S. 394, 55 S.Ct. 467, 79 L.Ed. 942 (1935), explicitly distinguished *Robins,* and the admiralty texts recognize the continued force of the rule. See, *e. g.,* Poor, *Charter Parties and Ocean Bills of Lading* 25 (5th ed. 1968); Scrutton, *Charterparties and Bills of Lading* 49 (18th ed. 1974).

The *Robins* rule appears to be based on a contract theory, denying relief to one injured by negligent interference with contract, although an effort is also made by appellee to justify the rule on the basis of remoteness of injury. If free to do so, we might question whether at least the damage to the principal time charterer is not so reasonably to be expected as to justify recovery. See *Petition of Kinsman Transit Co.,* 388 F.2d 821, 823–24 (2d Cir. 1968). But there are arguments to the contrary, such as the difficulty in drawing the line in a field where successive subcharters are not uncommon and rapid and wide fluctuations of rates of charter hire not unknown.

In any case, "the Supreme Court should retain the exclusive privilege of overruling its own decisions, save perhaps when opinions already delivered have created a near certainty that only the occasion is needed for pronouncement of the doom." *Salerno v. American League of Professional Baseball Clubs,* 429 F.2d 1003, 1005 (2d Cir. 1970).[2] The judgment is affirmed.

---

1. Take . . . the case of a ship's charterer who loses its use, and even may have to pay hire, during the time when the ship is laid up for repairs necessitated by defendant's negligence. If there were no charter, the owner who lost the vessel's use could recover for that loss measured by its reasonable value. If the defendant were liable to the charterer instead, it would not be a wide and open-ended liability, but a finite one that the tortfeasor or his liability insurer would expect to pay under frequently occurring circumstances. There seems to be no valid reason why defendant should escape this ordinary item of damage just because the loss in this case happened to be suffered by one who had no proprietary interest in the ship. 25 Vand.L.Rev. at 56.

2. See also Judge Learned Hand dissenting in *Spector Motor Service Inc. v. Walsh,* 139 F.2d 809, 823 (2d Cir. 1943, 1944), *vacated and remanded,* 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944):

   Nor is it desirable for a lower court to embrace the exhilarating opportunity of anticipating a doctrine which may be in the womb of time, but whose birth is distant . . . . .