FALLS RIVERWAY REALTY, INC., and Forest City Development Corp., Plaintiffs,

v.

The CITY OF NIAGARA FALLS, NEW YORK and Niagara Falls Urban Renewal Agency, Defendants and Third-Party Plaintiffs-Appellants,

v.

Samuel PIERCE, as Secretary of the United States Department of Housing and Urban Development and Joseph Monticciolo, as Regional Administrator, Region II of the United States Department of Housing and Urban Development and Richard W. Lippold as Buffalo Area Manager, Buffalo Area Office, Region II, of the United States Department of Housing and Urban Development, Third-Party Defendants-Appellees.

Nos. 211, 212, Dockets 83–6303, 83–6305.

United States Court of Appeals, Second Circuit.

Argued Sept. 25, 1984.

Decided Jan. 15, 1985.

---

See also 2 Cir., 732 F.2d 38.

Patrick J. Berrigan, Niagara Falls, N.Y., for defendant and third-party plaintiff-appellant the City of Niagara Falls, New York.

David A. Stern, Buffalo, N.Y. (Blair & Roach, Buffalo, N.Y., of counsel), for defendant and third-party plaintiff-appellant Niagara Falls Urban Renewal Agency.

Sonia C. Jaipaul, Buffalo, N.Y. (Salvatore R. Martoche, U.S. Atty., W.D.N.Y., Buffalo, N.Y., of counsel), for third-party defendants-appellees.

Before LUMBARD, MESKILL and PIERCE, Circuit Judges.

PIERCE, Circuit Judge:

The City of Niagara Falls, New York ("City"), and the Niagara Falls Urban Renewal Agency ("URA"), third-party plaintiffs, appeal from an order entered June 6, 1983, in the United States District Court for the Western District of New York, John T. Curtin, *Chief Judge.* The district court dismissed the third-party complaint, which had pleaded four causes of action, on the grounds that there was no valid waiver of sovereign immunity with respect to the first cause of action, the court lacked sub-

ject matter jurisdiction over the second cause of action, and the third cause of action failed to state a claim upon which relief could be granted. The fourth cause of action was not addressed by the court; it is not raised on appeal and we will not address it here.

We reverse and remand as to the three causes of action.

## BACKGROUND

■ Falls Riverway Realty, Inc. and Forest City Development Corp., the plaintiffs in the principal action, own real property located in the City of Niagara Falls. They sued the City and URA in the New York State Supreme Court, alleging that certain actions of the defendants taken pursuant to an Urban Renewal Plan ("Plan") deprived the plaintiffs of reasonable and suitable access to this property and claiming damages therefor. The City and URA thereafter filed a third-party complaint in the New York State Supreme Court against the Secretary and other named officials of the United States Department of Housing and Urban Development (hereinafter collectively referred to as "HUD"),[1] alleging that if the City and URA were found liable to the plaintiffs, HUD would be liable to the City and URA. HUD invoked title 28, section 1442 of the United States Code and removed the entire case to the United States District Court for the Western District of New York.

The City and URA, in their third-party complaint, alleged as a first cause of action that the URA entered into several contracts with HUD, pursuant to a program of federal financial assistance for slum clearance and urban renewal. They further alleged that all actions complained of by the plaintiffs were taken pursuant to the directions of HUD, under the contracts and the Federal Housing Act of 1949 as amended, 42 U.S.C. §§ 1450–1469c ("Act"),[2] and

---

1. A suit for damages against the Secretary in his official capacity is equivalent to a suit against HUD. *See Edelman v. Federal Housing Administration,* 382 F.2d 594, 596 (2d Cir.1967); 7A C.

Wright & A. Miller, *Federal Practice & Procedure* § 1960, at 677–78 (1972).

2. The Act was .omitted from the United States Code after the enactment of the Act of August

that if the plaintiffs were to recover judgment against the City and URA the "third-party defendants [HUD] will have breached the Planning Contracts and Loan and Capital Contract with damages at least equal to the amount recovered by the plaintiffs."

The second cause of action alleged that HUD directed that changes be made in the Plan, that the City and URA relied on HUD's expertise in preparing the Plan, and that if the City and URA were found liable to the plaintiffs, "third-party defendants [HUD] will have been negligent and will have breached their duties to the City and the [URA] and by reason of such negligence and breach of duties, the City and the [URA] will have suffered damages at least equal to the amount recovered by plaintiffs."

The third cause of action alleged that HUD "selected the [URA] as [HUD's] representative and agent" and that therefore HUD was liable for the consequences of actions taken by the City and URA pursuant to the Plan.

The district court found that the first cause of action was a "contract claim for a settlement in excess of $10,000" and therefore that, under 28 U.S.C. §§ 1346, 1491 (1982), only the Court of Claims had jurisdiction of the cause. The court held that the second cause of action sounded in negligence and was barred by the Federal Tort Claims Act provision for "misrepresentation," 28 U.S.C. § 2680(h) (1982), see United States v. Neustadt, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), or alternatively was barred by the "discretionary function" doctrine of Dalehite v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953) and 28 U.S.C. § 2680(a) (1982). The court dismissed the third cause of action because "[t]he ... federal financial assistance [that] was extended to the local agency cannot constitute the supervision of the day-to-day operation of the agency by the federal government" required for a

finding of an agency relationship by United States v. Orleans, 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976).

The issues presented for our review with respect to the first two causes of action are jurisdictional; the issue with respect to the third cause of action is whether the court could properly, on the record before it, dismiss the complaint.

### DISCUSSION

■ As a preliminary matter, we note that HUD's motion to dismiss did not state under which Federal Rule of Civil Procedure it was brought, and that the district court did not refer to any rule in granting the motion. Since the pleadings of both parties had been filed at the time the motion was made, we treat the motion as one under Fed.R.Civ.P. 12(c), for judgment on the pleadings. See Federal Commerce & Navigation Co. v. The M/V Marathonian, 392 F.Supp. 908, 909 n. 1 (S.D.N.Y.), aff'd, 528 F.2d 907 (2d Cir.1975), cert. denied, 425 U.S. 975, 96 S.Ct. 2176, 48 L.Ed.2d 799 (1976). As such, it encompassed both the motions to dismiss the first two causes of action for lack of jurisdiction, Amundson v. United States, 279 F.Supp. 779 (S.D.N.Y. 1967), and the motion to dismiss the third cause of action, disposed of on the merits by the district court. See Federal Commerce & Navigation Co., 392 F.Supp. at 909 n. 1; 5 C. Wright & A. Miller, Federal Practice & Procedure § 1350, at 544 (1969); id. § 1367. With respect to the third cause of action, the district court considered, in addition to the pleadings, the affidavit of Nicholas E. Marchelos, former Deputy Director of the URA, which was submitted by the URA in opposition to HUD's motion. Rule 12(c) permits the court, in its discretion and upon notice to all parties, to consider materials outside the pleadings. If it does, however, the motion is to be treated as one for summary judgment and disposed of as provided by Rule

22, 1974, Pub.L. No. 93–383, tit. I, § 116(a), 88 Stat. 652, 653, 42 U.S.C. § 5316 (1982), which terminated the authority of the Secretary to make grants or loans under the Act after January 1, 1975, "[e]xcept with respect to projects and programs for which funds have previously been committed." Id. See infra note 5.

56. Fed.R.Civ.P. 12(c); *see Parker v. CBS*, 331 F.2d 297 (2d Cir.1964); 5 C. Wright & A. Miller, *supra*, § 1371. No issue with respect to notice is raised herein.

■ HUD's defenses to the first two causes of action, relating to the court's jurisdiction, were thus raised by motion for judgment on the pleadings. Accordingly, we assume the truth of all facts pleaded by the parties opposing this motion, *Beal v. Missouri Pac. R.R.*, 312 U.S. 45, 51, 61 S.Ct. 418, 421, 85 L.Ed. 577 (1941); *MacDonald v. DuMaurier*, 144 F.2d 696, 700–01 (2d Cir.1944), and draw all reasonable inferences in their favor, *Wager v. Pro*, 575 F.2d 882, 884 (D.C.Cir.1976). With respect to HUD's summary judgment motion to dismiss the third cause of action, the court's task was to determine whether there existed any issues of material fact, viewing the record in the light most favorable to the parties opposing the motion, *Poller v. CBS*, 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962), and with the burden on the moving party to show the absence of any material issue appearing genuinely to be in dispute, *Adickes v. S.H. Kress Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Pent-R-Books, Inc.*, 538 F.2d 519, 529 (2d Cir.1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977). *See Heyman v. Commerce & Industrial Insurance Co.*, 524 F.2d 1317, 1320 (2d Cir.1975). Whether confronted with review of a ruling on a motion for judgment on the pleadings or one for summary judgment, we must read the record in the light most favorable to the party opposing the motion.

#### A. *The First Cause of Action*

■ The third-party complaint's first cause of action was asserted against the sovereign and thus was properly before the district court only if there existed both a valid waiver of sovereign immunity and a grant of subject matter jurisdiction. *S.S. Silberblatt, Inc. v. East Harlem Pilot Block—Building 1 Housing Development Fund Co.*, 608 F.2d 28, 35 (2d Cir.1979); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1132 (9th Cir.1979); *Ghent v. Lynn*, 392 F.Supp. 879, 880–81 (D.Conn.1975). Since the existence of such a waiver and grant depend partly upon the nature of the cause of action before the court, we begin our analysis by examining the substance of the first cause of action. HUD—third-party defendant—contends that the first cause of action sounds in contract, and that only the Court of Claims may hear such cases against the United States when the amount at issue exceeds $10,000. This argument is based on the Tucker Act, 28 U.S.C. §§ 1346, 1491, which provides both subject matter jurisdiction and a waiver of sovereign immunity for contract claims against the United States. The Tucker Act, however, permits such suit in the district court only when the amount in controversy is $10,000 or less; if a greater amount is involved, suit is permitted only in the Court of Claims. On the other hand, the City and URA—defendants and third-party plaintiffs—maintain that their claim "is not for breach of contract, in the traditional sense," but is a claim that "HUD would breach obligations it owed to the City and URA under the [Federal Housing Act of 1949 as amended] if it evaded liability for an integral part of the project costs." Brief for Defendant and Third-Party Plaintiff-Appellant City at 12; *accord* Brief for Defendant and Third-Party Plaintiff-Appellant URA at 11–16.

■ We find the argument of the City and URA unpersuasive.[3] No implied cause

---

3. One court has construed claims similar to those of the City and URA as "rooted in ... equitable rights generated by HUD's course of activities pursuant to federal statutes." *Trans-Bay Engineers & Builders v. Hills*, 551 F.2d 370, 377 (D.C.Cir.1976). We decline to follow this vague formulation. Nevertheless, the City and URA, simply by alleging a cause of action, not patently frivolous on its face, that purportedly arises under a federal statute, have made allegations sufficient to sustain subject matter jurisdiction in the district court. Whether a cause of action is stated that can survive a motion to dismiss for failure to state a claim upon which relief can be granted is a different question. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773,

of action under *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975) is alleged, nor is there any evidence that Congress intended a cause of action to be implied from the Act. *Cf. Marcus Garvey Square, Inc.*, 595 F.2d at 1130 (no cause of action implied in the National Housing Act). Based on our review herein, we are of the opinion that this cause of action sounds in contract. In the absence of contracts between HUD and the City and URA, it is likely that no cause of action would exist at all. While not determinative of the issue, we note that the third-party complaint stated that if the City and URA were found liable, "HUD will have breached its contracts." Our holding does not compel the conclusion reached by the district court and now argued by HUD—that the action can be brought only in the Court of Claims. It does mean that the City and URA cannot rely on the Tucker Act for a waiver of sovereign immunity or grant of jurisdiction; both of these prerequisites must be sought elsewhere. *See Ghent*, 392 F.Supp. at 881.

The case before us was removed to the district court under 28 U.S.C. § 1442(a)(1) (1982), which authorizes removal by a federal official sued in his official capacity. It seems clear that, in addition to conferring a right of removal upon the defendant, this statute grants subject matter jurisdiction to the district court.[4] *Willingham v. Morgan*, 395 U.S. 402, 406, 89 S.Ct. 1813, 1815, 23 L.Ed.2d 396 (1969); *S.S. Silberblatt, Inc.*, 608 F.2d at 35; *Bor-*

*Son Building Corp. v. Heller*, 572 F.2d 174, 181–82 (8th Cir.1978); *see Bennett Construction Co. v. Allen Gardens, Inc.*, 433 F.Supp. 825, 832 (W.D.Mo.1977).

We next turn to the question whether a waiver of sovereign immunity exists that would permit the district court to entertain this cause of action. The City and URA argue that such a waiver is found in 42 U.S.C. § 1456(c)(1) (1982), which authorizes the Secretary to "sue and be sued" on claims arising out of the Act.[5] There is some case law within this Circuit to the effect that section 1456(c)(1) constitutes at least a limited waiver of sovereign immunity. *See English v. Town of Huntington*, 335 F.Supp. 1369, 1373 (E.D.N.Y.1970). Such "sue and be sued" waivers, however, apply only to suits against the specific entity whose immunity was waived and have no application to suits against the United States generally. *See Federal Housing Administration, Region No. 4 v. Burr*, 309 U.S. 242, 250–51, 60 S.Ct. 488, 492–493, 84 L.Ed. 724 (1940) (construing the National Housing Act); *S.S. Silberblatt, Inc.*, 608 F.2d at 35–36 (same); *Marcus Garvey Square*, 595 F.2d at 1131 (same); *Bor-Son Building Corp.*, 572 F.2d at 179–81 (same). The validity of the waiver of sovereign immunity claimed by the City and URA therefore depends upon whether the suit is in reality against HUD or is in fact against the United States.

Whether this suit is against the United States or against HUD depends, in

---

776, 90 L.Ed. 939 (1946); *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126, 1130 (9th Cir.1979).

**4.** We note that contracts with the government are governed by federal common law, *Priebe & Sons v. United States*, 332 U.S. 407, 68 S.Ct. 123, 92 L.Ed. 32 (1947), and that subject matter jurisdiction under section 1331 thus exists over causes of action arising from contracts to which the government is a party, *Illinois v. City of Milwaukee*, 406 U.S. 91, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972); *Ghent v. Lynn*, 392 F.Supp. 879 (D.Conn.1975). This is not to say, however, that federal district courts have jurisdiction over all such contract actions, since a waiver of sovereign immunity independent of the Tucker Act will not always be present. Although we in

large measure agree with the holding in *Ghent*, we depart from the district court's analysis in that case to the extent that it equated a suit against the Secretary with a suit against the United States, 392 F.Supp. at 880, and consequently did not draw the distinction between the two kinds of suit that we do, *infra*.

**5.** The "sue and be sued" clause in issue, 42 U.S.C. § 1456(c)(1), was omitted from the United States Code. See *supra* note 2. The clause, however, has not been expressly repealed, and we therefore consider it to be *pro tanto* a still valid waiver of sovereign immunity with respect to claims arising, as these do, in connection with the Federal Housing Act of 1949 as amended.

turn, upon whether recovery on the claim would come from funds in the control of HUD, "severed from Treasury funds and Treasury control," *Federal Housing Administration, Region No. 4*, 309 U.S. at 250, 60 S.Ct. at 492, or would come from general treasury revenue.[6] In the latter case, the suit in reality is against the United States. *Dugan v. Rank*, 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963) (quoting *Land v. Dollar*, 330 U.S. 731, 738, 67 S.Ct. 1009, 1012, 91 L.Ed. 1209 (1947)); *S.S. Silberblatt, Inc.*, 608 F.2d at 36; *Marcus Garvey Square*, 595 F.2d at 1131.

■ The crucial determination, then, is whether a judgment for damages in this cause of action would be satisfied from funds under HUD's control, or from general treasury revenue. In the former instance, a valid waiver of sovereign immunity may be found to exist, and since, as discussed, the court had subject matter jurisdiction under section 1442, the first cause of action was properly before it. If the judgment is to be satisfied from general treasury revenue, however, there is no waiver of sovereign immunity beyond the Tucker Act, which waives immunity only to the extent of permitting suit in the Court of Claims. Because no finding was made as to the source of the monies that would be used to satisfy any judgment in this case, we remand to the trial court with instructions to determine this question and, accordingly, its jurisdiction over this cause of action.

## B. *The Second Cause of Action*

■ The City and URA characterize their second cause of action as one in negligence. Brief for Defendant and Third-Party Plaintiff-Appellant City at 16; Brief for Defendant and Third-Party Plaintiff-Appellant URA at 16–17. We agree, and it therefore is governed by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 (1982). The district court dismissed the cause on the grounds that it fell either within the statutory exception for "misrepresentation," 28 U.S.C. § 2680(h) (1982); *see United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), or within the exception for "discretionary functions," 28 U.S.C. § 2680(a) (1982); *see Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). Since the only applicable grant of subject matter jurisdiction or waiver of sovereign immunity for such a claim is contained in the Tort Claims Act, the effect of either one of the district court's findings would be to deprive the court of power to adjudicate the cause. We find the record insufficiently complete, at this juncture, to justify dismissal on either of the grounds relied upon by the district court.

■ The third-party plaintiffs made no specification of negligence beyond the assertion in the third-party complaint that if they were found liable, HUD must be found negligent. While it may be that this claim is one for "misrepresentation," *compare United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961) *with Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), or involved a "discretionary function" within the teaching of *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953), we view the record in the light most favorable to the parties opposing dismissal. *See National Metropolitan Bank v. United States*, 323 U.S. 454, 456–57, 65 S.Ct. 354, 355, 89 L.Ed. 383 (1945); *Beal v. Missouri Pac. R.R.*, 312 U.S. 45, 51, 61 S.Ct. 418, 421, 85 L.Ed. 577 (1941); *MacDonald v. DuMaurier*, 144 F.2d 696, 700–01 (2d Cir. 1944); 5 C. Wright & A. Miller, *supra*, § 1368, at 690. The City and URA in the third-party complaint alleged only that HUD may have been "negligent." HUD, in its motion to dismiss, stated in conclusory fashion that the negligence must have been misrepresentation and that "the alleged misrepresentations are HUD's ap-

---

**6.** The section 1456(c)(1) waiver applies only "with respect to ... the functions, powers, and duties vested in [the Secretary] by this subchapter." This language, like that in the National Housing Act, 12 U.S.C. § 1702 (1982), construed in *Federal Housing Administration, Region No. 4*, does not authorize the Secretary to make disbursements from general treasury revenue.

proval of the project without realizing the alleged loss of access to the subject property." Apparently nothing more was before the district court. On this limited record, it was error to dismiss the claim.

### C. *The Third Cause of Action*

■ The third cause of action alleged a principal-agent relationship between HUD and the URA. The City and URA allege that this relationship, if proven, would render HUD responsible to indemnify them in the event they are found liable to the plaintiffs. In opposing HUD's motion to dismiss this cause of action, the URA submitted the affidavit of Nicholas E. Marchelos, its former Deputy Director, which alleged that "regulation by HUD [of the URA] was close and extremely detailed" and set forth some examples of the alleged regulation, including mandatory approval by HUD of acquisitions and prices, site development, and other matters pertaining to the Plan. HUD submitted no papers at all beyond the motion to dismiss, which alleged in conclusory fashion that "no agency relationship exists in fact or law."

The parties appear to agree, as do we, that *United States v. Orleans,* 425 U.S. 807, 96 S.Ct. 1971, 48 L.Ed.2d 390 (1976), governs this claim. Under *Orleans,* the URA could be deemed to have acted as an "agent" of the United States only if the United States supervised the day-to-day operations of the URA. *Id.* at 815, 96 S.Ct. at 1976. Summary judgment, however, is appropriate only when no material issues of fact remain to be decided, and the burden is on the moving party to show that such is the case. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *United States v. Pent-R-Books, Inc.,* 538 F.2d 519, 529 (2d Cir. 1976), *cert. denied,* 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 582 (1977); *Heyman v. Commerce & Industrial Insurance Co.,* 524 F.2d 1317, 1320 (2d Cir.1975). HUD did not sustain this burden; indeed, it made no more than a conclusory allegation in its motion and did not respond at all to the Marchelos affidavit introduced by the URA. *Cf. Park Avenue Tower Assoc's v. City of New York,* 746 F.2d 135, 141 (2d Cir.1984) (non-moving party may not defeat supported summary judgment motion by relying on pleadings and memorandum of law). Had HUD provided some detail to the district court regarding the nature and extent of its relationship with the City and URA, summary judgment might have been appropriate. Viewing the pleadings and the affidavit in the light most favorable to the City and URA, however, we hold that on the present record, dismissal of the complaint was premature.

### CONCLUSION

The judgment of the district court is reversed and the case is remanded for disposition consistent with the foregoing.