SUPERSCOPE, INC., PLAINTIFF v. UNITED STATES, DEFENDANT

Court No. 85-3-00328

(Dated March 31, 1988)

*Stein Shostak Shostak & O'Hara* (*Robert Glenn White,* on the motion), for plaintiff.

*John R. Bolton,* Assistant Attorney General; *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch (*James A. Curley,* on the motion), for defendant.

RE, *Chief Judge:* The question presented in this case pertains to the proper classification, for customs duty purposes, of certain unassembled cabinets imported from New Zealand, containing glass panels manufactured in the United States, and classified by the Customs Service as "furniture, and parts thereof, not specially provided for."

The imported merchandise was entered at the port of Los Angeles, California, and was classified by the Customs Service under item 727.35 or item 727.55, Tariff Schedules of the United States (TSUS) as "furniture, and parts thereof, not specially provided for," of wood or of other materials, with duty assessed at the rates respectively provided for therein at the time of entry. In appraising and liquidating the merchandise imported by plaintiff, no allowance was made, under either item 800.00, TSUS, or item 807.00, TSUS, for the glass panels manufactured in the United States and included in the imported cabinets.

Plaintiff claims that the glass panels included in the unassembled cabinets were improperly denied treatment under item 807.00, TSUS, as American goods returned. If properly classifiable under item 807.00, TSUS, as maintained by plaintiff, a duty would be assessed on the full value of the imported cabinets, less the cost or value of the glass panels. Plaintiff alternatively contends that the glass panels are entitled to entry free of duty as American goods returned under item 800.00, TSUS.

The pertinent statutory provisions of the tariff schedules are as follows:

*Classified under:*

Schedule 7, Part 4, Subpart A:

Furniture, and parts thereof, not specially provided for:

    *     *     *     *     *     *     *

Of wood:

    *     *     *     *     *     *     *

Other:

    *     *     *     *     *     *     *

727.35   Furniture other than chairs .......    4.7% *ad val.* (1980)
                                                           4.4% *ad val.* (1981)
                                                           4.1% *ad val.* (1982)

    *     *     *     *     *     *     *

727.55   Other:                               9.3% *ad val.* (1980)
                                                                  8.5% *ad val.* (1981)
                                                                     7.8% *ad val.* (1982)

*Claimed under:*

Schedule 8, Part 1, Subpart B:

807.00   Articles assembled abroad in whole or in part of fabricated components, the product of the United States, which (a) were exported in condition ready for assembly without further fabrication, (b) have not lost their physical identity in such articles by change in form, shape,

or otherwise, and (c) have not been advanced in value or improved in condition abroad except by being assembled and except by operations incidental to the assembly process such as cleaning, lubricating, and painting ........................... A duty upon the full value of the imported article, less the cost or value of such products of the United States (see headnote 3 of this subpart)

*Alternatively claimed under:*
Schedule 8, Part 1, Subpart A:

800.00 Products of the United States when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means while abroad ......... Free

The question presented is whether the unassembled cabinets imported from New Zealand, and containing glass panels manufactured in the United States, were properly classified by Customs, or whether they should have been granted treatment under item 807.00, TSUS, or alternatively, under item 800.00, TSUS, as contended by plaintiff.

Pursuant to Rule 12(c) of the Rules of the United States Court of International Trade, plaintiff moves for judgment on the pleadings. Defendant opposes plaintiff's motion, contending that there are material issues of fact that are in dispute. Since the court finds that material issues of fact are in dispute, the plaintiff's motion for judgment on the pleadings is denied.

A motion for judgment on the pleadings may be granted when the court determines that "there is no material issue of fact presented and that one party is clearly entitled to judgment." *Flora* v. *Home Fed. Sav. & Loan Ass'n,* 685 F.2d 209, 211 (7th Cir. 1982). The motion is directed solely to the pleadings, and, therefore, "the movant admits the truth of his adversary's well-pleaded factual allegations but denies their sufficiency as a matter of law." *C.J. Tower & Sons, Inc.* v. *United States,* 68 Cust. Ct. 377, 379, C.R.D. 72–11, 343 F. Supp. 1387, 1390 (1972); *see also Gumer* v. *Shearson, Hammill & Co.,* 516 F.2d 283, 286 (2d Cir. 1974). Hence, the motion for judgment on the pleadings admits all material facts pleaded by the opposing party but does not admit conclusions of law. *See C.J. Tower & Sons, Inc.,* 68 Cust. Ct. at 379, 343 F. Supp. at 1390.

The motion for judgment on the pleadings "must be denied if, as against the moving party, the pleadings raise any factual issues." *Id.* The party opposed to the motion "must be given the benefit of all reasonable inferences favorable to it which might be drawn from the pleadings." *Id.* at 383, 343 F. Supp. at 1393; *see also Falls Riverway Realty, Inc.* v. *City of Niagara Falls,* 754 F.2d 49, 54 (2d

Cir. 1985). When all material facts have not been admitted, a motion for judgment on the pleadings is an improper remedy. *See, e.g., Westinghouse Electric Corp.* v. *United States,* 70 Cust. Ct. 171, 172, C.D. 4426 (1973).

Plaintiff asserts in its complaint that the glass panels manufactured in the United States, which are packaged abroad with unassembled cabinets manufactured in New Zealand, are United States fabricated components which are entitled to the benefits set forth under item 807.00, TSUS, because their packaging with the cabinet parts constitutes "assembly" under item 807.00, TSUS. In support of plaintiff's claim that the glass panels should have been classified under item 807.00, TSUS, plaintiff states in its complaint that "[t]he issues in this case are the same in all material respects to those in *Mattel, Inc.* v. *United States,* 67 CCPA 74, C.A.D. 1248, 624 F.2d 1076 (1980)." In *Mattel,* phonograph records, manufactured in the United States, and packaged abroad with foreign manufactured toy telephones, were held to be classifiable under item 807.00, TSUS, as United States products assembled abroad. 69 CCPA at 79, 624 F.2d at 1080–81.

Defendant, in its answer, denies that the issues in this case are the same as those in the *Mattel* case. In *Mattel,* the American made phonograph records were packaged in envelopes, and the envelopes were stapled to the foreign made toy telephones. *Id.* at 75, n. 3, 624 F.2d at 1078, n. 3. Defendant maintains that the stapling process in *Mattel* constituted the "assembly" operation necessary for classification under item 807.00, TSUS. In this case, however, defendant contends that the glass panels were not joined to the other components of the unassembled cabinets, and, therefore, no "assembly" operation occurred within the meaning of item 807.00, TSUS. Indeed, whether the glass panels were or were not "assembled abroad" within the meaning of item 807.00, TSUS, is a material issue of fact which is in dispute in this case, and, therefore, precludes this court from granting plaintiff's motion for judgment on the pleadings.

Plaintiff's alternative claim is that the glass panels are entitled to duty-free entry under item 800.00, TSUS, because "[t]he glass panels in issue were not advanced in value or improved in condition while abroad."

In defendant's answer to plaintiff's complaint, the defendant denies that the glass panels in issue "were not advanced in value or improved in condition by any process of manufacture or other means while abroad." Defendant contends that the glass panels cannot be American goods returned under 800.00, TSUS, because they were packaged with components of foreign manufacture, and became the doors and lids of an unassembled cabinet which constituted a new entity which was not of American manufacture.

Whether the glass panels were advanced in value while abroad is a material issue of fact in light of plaintiff's contention that the glass panels were improperly denied treatment under item 800.00, TSUS, upon importation. This fact, which is clearly material to the proper classification of the imported merchandise, having been denied by defendant, is in dispute. Clearly, therefore, the court cannot grant plaintiff's motion for judgment on the pleadings.

It is the determination of the court that all necessary facts have not been admitted, and that there remain in dispute material issues of fact. Accordingly, it is

ORDERED that plaintiff's motion for judgment on the pleadings is denied.