**OKLAHOMA MORTGAGE COMPANY, an Oklahoma Corporation, Plaintiff,**

**v.**

**GOVERNMENT NATIONAL MORTGAGE ASSOCIATION, Defendant.**

**No. CIV–92–2357–R.**

United States District Court, W.D. Oklahoma.

Sept. 28, 1993.

822

G. Thorne Stallings, Jr., Blanchard, OK, for plaintiff.

Warren D. Majors, U.S. Atty.'s Office, Oklahoma City, OK, for defendant.

## ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is the motion of the Government National Mortgage Association for summary judgment on Plaintiff's Complaint.

The parties herein agree and the Court has previously ruled, *see* Transcript of Hearing on June 3, 1993 at pp. 2–3, that whether this Court has jurisdiction to entertain Plaintiff's claims depends on whether Defendant GNMA possesses and controls an identifiable *res* separate and apart from the U.S. Treasury from which a judgment against GNMA may be recovered. It is this issue to which Defendant's motion for summary judgment is directed.

"According to 12 U.S.C. § 1722, any funds involved in the general operation of GNMA belong to the U.S. Treasury, since, as the section provides, '[a]ll of the benefits and burdens incident to the administration of the functions and operations of [GNMA] ... shall inure solely to the Secretary of the Treasury.'" *Lomas & Nettleton Co. v. Pierce,* 636 F.2d 971, 973 (5th Cir.1981). It is undisputed that GNMA has no funds or accounts outside of the U.S. Treasury. All of GNMA's operating funds are deposited in U.S. Treasury account 8235. These funds belong as a matter of law to the United States Treasury. 12 U.S.C. § 1722; *Lomas & Nettleton v. Pierce,* 636 F.2d at 973–74. *See Government National Mortgage Association v. Terry,* 608 F.2d 614, 619 (5th Cir. 1979). Thus, while Section 1723a(a) of Title 12 of the United States Code contains a limited waiver of sovereign immunity for claims against GNMA, *compare with Ascot Dinner Theatre, Ltd. v. Small Business Administration,* 887 F.2d 1024, 1029–31 & n. 5 (10th Cir.1989) and *Mar v. Kleppe,* 520 F.2d 867, 869–71 (10th Cir.1975) (15 U.S.C. § 634(b) provides limited waiver of sovereign immunity and jurisdiction in district courts over contract claims against the Small Business Administration for damages or declaratory relief), that waiver is applicable only where the suit is in reality against GNMA and not against the United States. *See, e.g., Falls Riverway Realty, Inc. v. City of Niagara Falls,* 754 F.2d 49, 55 (2nd Cir.1985); *Taylor v. Administrator of the Small Business Administration,* 722 F.2d 105, 107–08 (5th Cir.1983). The governmental entity named in the complaint is not determinative of this question. *Thomas v. Pierce,* 662 F.Supp. 519, 523 (D.Kan.1987). Rather, the issue is whether the judgment would "expend itself on the public treasury ..." *Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15, 23 (1963) (quoting *Land v. Dollar,* 330 U.S. 731, 738, 67 S.Ct. 1009, 1012,

91 L.Ed. 1209, 1216 (1947)). Unless recovery on the Plaintiff's claims herein would come from funds in possession of GNMA, "severed from Treasury funds and Treasury control," *Federal Housing Administration, Region No. 4 v. Burr*, 309 U.S. 242, 250, 60 S.Ct. 488, 492, 84 L.Ed. 724, 731 (1940), the Plaintiff's suit is in reality one against the United States for which the limited sovereign immunity waiver of 12 U.S.C. § 1723a(a) is inapplicable or invalid, and jurisdiction of Plaintiff's claims herein lies exclusively in the United States Claims Court. *See, e.g., Far West Federal Bank v. Office of Thrift Supervision*, 930 F.2d 883, 890 (Fed.Cir.1991); *C.H. Sanders Co. v. BHAP Housing Development Fund Co.*, 903 F.2d 114, 120 (2nd Cir.1990); *Falls Riverway Realty, Inc. v. City of Niagara Falls*, 754 F.2d at 56; *Lomas & Nettleton Co. v. Pierce*, 636 F.2d at 973–74. As observed above, GNMA has no funds or *res* in its possession and control separate from U.S. Treasury funds. To the extent funds in U.S. Treasury account 8235 are in reality under GNMA's control, they must nevertheless in law be deemed to be funds solely of the U.S. Treasury. *See* 12 U.S.C. § 1722. Plaintiff asserts that GNMA possesses non-cash assets in the form of real estate and improvements thereon equipment and intangible assets held outside the U.S. Treasury which constitute a *res* separate from the U.S. Treasury from which a judgment in Plaintiff's favor herein can be satisfied. Such assets, however, are arguably "benefits . . . incident to the administration of the functions and operations of the Association under sections . . . 1721 . . . [which] inure solely to the Secretary of the Treasury. . . ." 12 U.S.C. § 1722. In any event, the limited waiver of sovereign immunity in 12 U.S.C. § 1723a(a) does not extend to but expressly precludes

recovery from such GNMA assets inasmuch as it provides that "no attachment, injunction, or other similar process, mesne or final, shall be issued against the property of the Association or against the Association with respect to its property." 12 U.S.C. § 1723a(a).

■ In accordance with the foregoing, the Court concludes as a matter of law that Plaintiff's claims against GNMA are barred by sovereign immunity and that Plaintiff's claims are in reality claims against the United States. Plaintiff asserts that upon this determination, the Court should transfer this action to the United States Court of Claims rather than grant summary judgment or dismissal. The Court concludes that this action is one within the exclusive jurisdiction of the United States Claims Court inasmuch as it is in reality against the United States, seeks monetary relief in excess of $10,000 and the action is founded upon a contract, express or implied.[1] *See* 28 U.S.C. § 1346(a)(2) & 1491(a)(1); *Southeast Kansas Community Action Program Inc. v. Secretary of Agriculture of the United States*, 967 F.2d 1452, 1455 (10th Cir.1992); *Rogers v. Ink*, 766 F.2d 430, 433 (10th Cir.1985). The Court thus concludes that this Court lacks jurisdiction to entertain this action and that it is in the interest of justice that the action be transferred to the United States Claims Court pursuant to 28 U.S.C. § 1631 rather than be dismissed. The Court Clerk is therefore directed to transfer this case to the United States Claims Court.

**IT IS SO ORDERED.**

---

1. In determining whether the claims belong in Claims Court, the Court must focus upon the substance and source of the rights asserted and the relief requested rather than the language employed in the complaint. *See Southeast Kansas Community Action Program Inc. v. Secretary of Agriculture of the United States*, 967 F.2d at 1455; *Spectrum Leasing Corp. v. United States*, 764 F.2d 891, 893–95 (D.C.Cir.1985). The Court concludes that the first three causes of action in Plaintiff's First Amended Complaint are founded upon an implied in fact or express contract incorporating terms implied from the parties' conduct and course of dealing. While Plaintiff's

fourth cause of action appears to be based upon a contract implied in law, a claim to which the Claims Court's jurisdiction does not extend, *Girling Health Systems, Inc. v. United States*, 949 F.2d 1145, 1146 (Fed.Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1483, 117 L.Ed.2d 626 (1992), because that claim arises "out of the same transaction" as the first three causes of action, the Claims Court has jurisdiction over the fourth cause of action as well. *See A.L. Rowan & Son, General Contractors, Inc. v. Department of Housing and Urban Development*, 611 F.2d 997, 1001 (5th Cir.1980).